UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-22930-LFL

GLEN TOWNSEND,

      Plaintiff,

v.

BOARD OF VETERANS APPEALS, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed *in forma pauperis*, (ECF No. 11). This matter was assigned to the undersigned United States Magistrate Judge Pursuant to Administrative Order 2025-11. However, because I find that dismissal of this case is warranted and because I do not presently have authority to issue a dispositive order, I am issuing a Report and Recommendation. I have separately entered an Order directing the Clerk to randomly reassign this case to a District Judge of this Court. For the following reasons, I respectfully **RECOMMEND** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be **DENIED**, and that Plaintiff's Amended Complaint is **DISMISSED, with prejudice**.

## I.    BACKGROUND

Plaintiff, a Vietnam War veteran, developed a throat condition while serving in the United States military in the 1970s. (ECF No. 15 at 2). He has undergone multiple medical examinations and surgeries since. (ECF No. 15 at 2). He was subsequently diagnosed with rhinitis. (ECF No. 15 at 2). In his initial complaint, Plaintiff alleged that he had filed a claim for disability benefits, which the VA "refused to pay." (ECF No. 1 at 4). He also alleges that VA employee D.L. Smith "failed

1

to perform all responsibilities of his job" and "refused to pay disability claims." (ECF No. 1 at 5). He named other VA employees who, he alleged, refused to pay disability benefits. (ECF No. 1 at 6). He alleged, generally, that the VA had become dysfunctional and had begun misclassifying claims. (ECF No. 1 at 6).

Plaintiff filed an administrative tort claim with the Department of Veterans Affairs (the "VA") by submitting a Standard Form 95 seeking payment of disability benefits he believed were owed in light of his condition and the medical treatment it necessitated. (ECF No. 15 at 2). He noted that the claim for relief stated in this administrative tort claim was negligence. (ECF No. 1 at 6). The VA General Counsel denied Plaintiff's claim via written letters in December 2024 and again in February 2025. (ECF No. 15 at 2). Those letters advised Plaintiff that, if dissatisfied with the VA's decision, he could "file directly under the FTCA, 28 U.S.C. § 1346(b) and §§ 2671–2680." (ECF No. 15 at 2). Thereafter, Plaintiff filed the instant action against the Board of Veterans' Appeals ("BVA"), which seeks compensation under the Federal Tort Claims Act ("FTCA").

I held a hearing on Plaintiff's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 11), and Motion for Referral to Volunteer Attorney Program, (ECF No. 12), on January 12, 2026. At the hearing I denied the Motion for Referral to Volunteer Attorney Program, (ECF No. 12) and explained that claims for disability benefits compensation are not redressable in Federal Court. (ECF No. 15 at 4). I further advised that Plaintiff would have another chance to explain the factual bases for his claims, and that upon review of such amended complaint I would determine whether he stated any claim that could be raised in Federal Court (as opposed to another forum).

In his Amended Complaint, Mr. Townsend complains that the VA has failed to make a favorable determination of his disability. (ECF No. 20 at 1). He reports that he intentionally missed

the examination appointments scheduled by the VA and that "any remaining communication with Board of VA have been cut." (*Id.* at 1). Plaintiff attached a letter from the VA explaining that his diagnosis was not accompanied by symptoms sufficient "to warrant a compensable rating under DC 6522." (*Id.* at 6). He further alleged that having polyps as a symptom of his rhinitis "is not a requirement to pursue a claim." (*Id.* at 2). He also stated that he "did not notice any inaccuracies in diagnosis," instead suggesting that the issue stems from a disagreement as to his medical history. (*Id.*).

## II.      LEGAL STANDARD

Under Section 1915(e), a court is required to dismiss a case at any time if the court determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see also Mehmood v. Guerra*, 783 F. App'x 938, 940 (11th Cir. 2019) (emphasis added) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants[.]"); *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) ("Under § 1915(e)(2)(B)(ii), a district court must dismiss a case in which the plaintiff is proceeding in forma pauperis if the court determines that the complaint fails to state a claim on which relief may be granted.").

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gambel*, 429 U.S. 97, 106 (1979) (internal citations omitted). In determining whether to dismiss a *pro se* plaintiff's complaint, the allegations are taken as true and are construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a plaintiff is not held to a high standard in a motion to dismiss for failure to state a claim, the

Federal Rules require "a short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds it rests upon. *See* Fed. R. Civ. P. 8(a); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2018). Although district courts must liberally construe *pro se* pleadings, courts do not have license to rewrite complaints to create a viable cause of action where one does not otherwise exist. *GJR Invs. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted).

### III.   DISCUSSION

This Court lacks subject matter jurisdiction over the claims in Plaintiff's Amended Complaint. Federal courts are courts of limited jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). "They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Id.* (internal quotation marks omitted). The presumption is that a claim lies outside a federal court's jurisdiction, "and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Bishop v. Reno*, 210 F.3d 1295, 1298 (11th Cir. 2000). A court must dismiss an action if it determines, at any point, that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

The Veterans' Judicial Review Act ("VJRA"), grants the Secretary of Veterans Affairs authority to decide all questions of law and fact necessary to a decision affecting the provision of benefits, and expressly provides that those decisions "shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a). Congress thereby created an exclusive appellate review scheme: initial benefits determinations may be appealed to the Board of Veterans' Appeals, whose final decisions are then reviewable exclusively by the United States Court of Appeals for Veterans

Claims ("the CAVC"), an Article I court; decisions of the CAVC are reviewable exclusively by the United States Court of Appeals for the Federal Circuit; and Federal Circuit judgments are in turn subject to certiorari in the Supreme Court. *See* 38 U.S.C. §§ 7104, 7251, 7252(a), 7292(a), (c); *Hall v. U.S. Dep't of Veterans' Affs.*, 85 F.3d 532, 534 (11th Cir. 1996). Federal district courts, like this one, are excluded from that scheme. *Smith v. United States*, 7 F.4th 963, 985 (11th Cir. 2021).

The VJRA's preclusive effect is not limited to claims styled as direct benefits challenges; it extends to "any and all determinations by the Secretary as to eligibility, entitlement, or the scope of benefits" and to "any decision made by the Secretary in the course of making a benefits determination." *Smith*, 7 F.4th at 985. Accordingly, it is the *substance* of the claim, not the label placed on it, that determines whether a court has jurisdiction. *Bracken v. United States*, No. 3:19-cv-982, 2020 WL 3610810, at *4 (M.D. Fla. July 2, 2020) (quoting *Cheves v. Dep't of Veterans Affs.*, 227 F. Supp. 2d 1237, 1246 (M.D. Fla. 2002)). The Amended Complaint does not name Mr. Townsend's claim at all, but asks in the first numbered paragraph of his pleading why the benefits claim has never been paid. He explains that he has submitted himself to a number of exams but has not received payment. He also denies inaccuracy in his treating doctor's diagnosis, but alleges that there's some disagreement about the medical history. At heart, it appears—again—that Mr. Townsend seeks judicial review of the VA's decision. This he must do in the United States Court of Appeals for Veterans Claims.

I have examined the Amended Complaint and considered whether it raises some claim that may be redressable in this federal court. The initial complaint explicitly asserted a claim of negligence, and Mr. Townsend explained his intention to invoke the FTCA. District courts have subject matter jurisdiction under the FTCA over claims arising from "the negligent or wrongful

act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Included among these are claims of medical malpractice against government agencies such as the VA. *See Smith v. United States*, 7 F.4th 963, 986 (11th Cir. 2021) (holding that the court had subject matter jurisdiction over plaintiff's claim of medical malpractice against VA medical professionals where (a) adjudicating this claim did not require the court to review adverse benefits decisions, and (b) the plaintiff alleged that the VA medical professionals breached the duty of care owed to plaintiff when they failed to timely treat and diagnose his cancer). Such a claim, however, may not disguise what in fact constitutes a claim for review of a VA decision relating to benefits. *Id.* Claims that can be construed as administrative negligence, such as failure to timely approve a claim and authorize payments, failure to follow VA policies, and failure to schedule medical visits, require review of VA decisions relating to benefits. *Id.* The FTCA does not, therefore, grant district courts subject matter jurisdiction to adjudicate these claims.

Plaintiff alleges that the VA misclassified his condition as zero percent compensable and that the VA applied an incorrect standard when requiring "polyps" as a symptom of his condition. (ECF No. 20 at 2). Both claims, construed as claims of administrative negligence, would require this Court to review decisions by the VA regarding Plaintiff's entitlement to benefits. As noted above, the FTCA does not grant this Court subject matter jurisdiction over such claims. *See Smith*, 7 F.4th at 986.

In its January 12 Order, the Court explained to Plaintiff that it could not "conclude from the allegations of the Complaint whether the core of Plaintiff's negligence claim falls within the Court's jurisdiction under the FTCA." (ECF No. 15 at 4). Indeed, the Court understood Plaintiff's

claim as one seeking "the payment of unpaid disability benefits, which may not be redressable in this court." (*Id.*). The Court instructed Plaintiff to "identify the circumstances giving rise to the harm he claims to have suffered, as well as the legal authority under which he intends to assert his claim." (*Id.*). Plaintiff's Amended Complaint does not cite additional legal authority supportive of his claims. *See* (ECF No. 20). Instead, it reiterates the primary circumstances stated in his initial complaint: denial of disability benefits, lack of payment of disability benefits to which he contends he is entitled, and misclassification of his condition. The underlying circumstances remaining the same following amendment, the Court again cannot find in Plaintiff's Amended Complaint a cause of action under the FTCA that is redressable in this Court.

To an extent, Plaintiff's allegations that the VA misclassified his rhinitis as zero percent compensable and applied an improper standard in requiring symptoms such as "polyps" as a condition of eligibility, (*id.* at 1), can be construed as asserting a procedural due process claim. District courts retain a narrow category of jurisdiction over constitutional challenges that are genuinely independent of any underlying benefits determination. A due process challenge to the constitutionality of existing VA procedures themselves, rather than to the outcome of any individual benefits proceeding, may survive § 511's bar where adjudicating such challenge would not require the court to review "decisions affecting the provision of benefits to any individual claimants." *Veterans for Common Sense v. Shinseki* ("*VSC*"), 687 F.3d 1013, 1033–34 (9th Cir. 2012). However, a veteran cannot circumvent § 511's jurisdictional bar simply by framing an otherwise precluded challenge to a benefits determination in constitutional terms. *See Bluestein v. U.S. Dep't of Hous. & Urb. Dev.*, No. 12-cv-533, 2013 WL 6627965, at *3 (D.N.H. Dec. 16, 2013) ("[F]ederal district courts may not entertain constitutional or statutory claims whose resolution

would require the court to intrude upon the VA's exclusive jurisdiction.") (quoting *Price v. United States*, 228 F.3d 420, 422 (D.C. Cir. 2000)).

To the extent that Plaintiff's allegations could be construed as due process claims against the BVA, the VJRA's exclusive scheme precludes this Court from exercising jurisdiction over them because adjudicating these claims would require the Court to review VA decisions affecting the provision of Plaintiff's benefits. *See VSC*, 687 F.3d at 1033–34. Substantively, Plaintiff's claims simply ask this Court to remedy the denial of his disability benefits, which it does not have the authority to do.

For the foregoing reasons, the Court lacks the authority to entertain this action. However, as explained, alternative remedial schemes exist. Plaintiff may appeal the BVA's decision through the channels set out in the VJRA: a BVA's final decision is reviewable by the CAVC; a CAVC final decision is exclusively reviewable by the United States Court of Appeals for the Federal Circuit; a Federal Circuit decision can be reviewable by the Supreme Court of the United States. *See* 38 U.S.C. §§ 7104, 7251, 7252(a), 7292(a), (c).

Plaintiff's Amended Complaint contains additional allegations, but it does not correct the deficiencies identified at the January 12 hearing. Like in the original complaint, the allegations in the Amended Complaint amount to a claim for review of the VA's decisions regarding Plaintiff's claim. As noted above, this Court does not have subject matter jurisdiction over such a matter. Additional amended complaints would be futile as they would suffer from the same deficiencies described. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

8

## IV.    RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be **DENIED**, and that Plaintiff's Amended Complaint be **DISMISSED, with prejudice**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the presiding United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) days** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 17th day of June, 2026.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

9